**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 8 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Pine Bluff Division

Jerry Rochelle, on behalf of himself
and all others similarly situated
                                                                      Plaintiff

v.                              Case No. 5:19-CV-255 KGB

Faber and Brand L.L.C.                                          Defendant

### Complaint – Class Action

1.      Defendant Faber and Brand L.L.C., attempted to collect consumer debts

from Plaintiff Jerry Rochelle, and putative class members through standardized,

form debt collection complaints filed in Arkansas state courts that falsely,

deceptively, and misleadingly averred that the date the amount of debt came due

was on the same date Crown Asset Management, LLC, (Crown Asset Mgmt.),

assigned the accounts to Faber and Brand, L.L.C., for collection.[1]

2.      The averment in the standardized, form debt collection complaints that

the date the amount of the debt came due was the same date Crown Asset

Management, LLC, assigned the accounts to Faber and Brand, L.L.C., for collection

is literally false, and violates the Fair Debt Collection Practices Act's and the

Arkansas Fair Debt Collection Practices Act's prohibition against debt collectors

using false representations to collect debts.

3.      The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*

and the Arkansas Fair Debt Collection Practices Act (AFDCA), Ark. Code Ann. §

17-24-501, *et seq.*, broadly prohibit false, deceptive, misleading statements in debt

---

[1] Exhibit 1, Count I -  ¶ 13, Count II - ¶ 9, Count III - ¶ 10, and Count IV - ¶ 10, ("That said amount became due on or about March 19, 2018.") and attached Business Records Affidavit ("The above referenced account was assigned to Faber and Brand LLC on 03/19/2018 for the purpose of collections.").

This case assigned to District Judge ___Baker___
and to Magistrate Judge ___Nam's___

collection attempts and unfair or unconscionable collection methods. 15 U.S.C. §§ 1692e and 1692f; Ark. Code Ann. §§ 17-24-506 and 17-24-507.

4.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

5.     Because of this, courts routinely hold that "[t]he FDCPA is a broad remedial statute and its terms are to be applied 'in a liberal manner.'" *Weast v. Rockport Financial, Inc.*, 115 F.Supp.3d 1018, 1021 (E.D. Mo. 2015) (internal citations omitted).

6.     The FDCPA encourages consumers to act as a "private attorney general" to enforce the statute. *Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir. 1995).

7.     The FDCPA applies to debt collection lawsuits against consumers. *See Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (8th Cir. 2017); *Haney v. Portfolio Recovery Assocs., LLC*, 837 F.3d 918 (8th Cir. 2016).

8.     Plaintiff Jerry Rochelle seeks to enforce those policies and rights which are expressed through the FDCPA and the AFDCPA.

### Jurisdiction

9.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

10.     This action arises out of Faber and Brand L.L.C.'s violations of the
FDCPA and the AFDCPA, in their illegal efforts to collect a consumer debt from
Rochelle and the putative class members.

11.     Venue is proper in this District because the acts and transactions
occurred here, Plaintiff Jerry Rochelle resides here, and Defendant Faber and
Brand L.L.C. transacts business here.

12.     Faber and Brand, L.L.C., has transacted business within Arkansas by
attempting to collect debts through litigation from Plaintiff Jerry Rochelle while he
was within and permanently residing within Arkansas.

## Parties

### *Plaintiff Jerry Rochelle*

13.     Jerry Rochelle is a citizen of Arkansas, residing in Jefferson County,
Arkansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and
Ark. Code Ann. § 17-24-502(2).

### *Defendant Faber and Brand, L.L.C.*

14.     The term "debt collector" has two prongs:

 (a) any person who uses any instrumentality of interstate commerce
  or the mails in any business the principal purpose of which is the
  collection of any debts; or

 (b) any person who regularly collects or attempts to collect, directly
  or indirectly, debts owed or asserted to be owed or due another.
  15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

15.     Lawyers and law firms engaged in debt collection litigation are debt
collectors under the FDCPA and the AFDCPA, respectively. *See e.g. Heintz v.*

*Jenkins,* 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 395 (1995); *McMullen v. McHughes Law Firm,* 2015 Ark. 15, 454 S.W.3d 200 (2015).

16.    Faber and Brand, L.L.C. (Faber and Brand) is a foreign limited liability company operating from 6750 S. New Town Avenue, Columbia, MO 65203.

17.    Faber and Brand is a law firm.

18.    Faber and Brand is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

19.    Faber and Brand uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts, including defaulted credit card debts purchased by debt buyers and collection agencies like Crown Asset Mgmt.

20.    Faber and Brand regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another, including Crown Asset Mgmt.

21.    Faber and Brand devotes a substantial percentage of its business and resources to debt collection.

22.    Faber and Brand derives a substantial amount of its revenue from debt collection.

23.    Faber and Brand markets itself to clients as a debt collector for hospitals, credit card companies, insurance companies, banks, and collection agencies.[2]

---

[2] *See e.g.* https://www.faberbrand.com/ and https://www.faberbrand.com/client-services (last checked August 4, 2019).

24.    Faber and Brand maintains a payment portal on its website for consumers to make payments towards debts it collects.[3]

25.    In the year preceding the filing of this civil action, Faber and Brand filed thousands of debt collection lawsuits in Arkansas, and many more in the states of Arizona, Kentucky, Missouri, Nevada, New Mexico, and Oklahoma.

### Factual Allegations

26.    Within one year immediately preceding the filing this pleading, Faber and Brand attempted to collect from Rochelle a financial obligation primarily for personal, family or household purposes, which is therefore a "debt" as that term in defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a defaulted Synchrony Bank credit account.

27.    Synchrony Bank is an FDIC insured bank that operates under federal banking law.

28.    Synchrony Bank offers credit financing for credit accounts branded for various retail stores and medical costs.

29.    Rochelle applied for and received a Care Credit credit card issued by Synchrony Bank to pay for personal medical expenses.

30.    Rochelle defaulted on his Synchrony Bank account in July 2015.

31.    Crown Asset Mgmt. purchased portfolios of defaulted Synchrony Bank accounts that included the Rochelle's defaulted credit account.

---

[3] *See* https://www.faberbrand.com/make-a-payment (last checked August 4, 2019).

32.   Crown Asset Mgmt. retained Faber and Brand to collect some of the defaulted Synchrony Bank accounts from Arkansas consumers, including Rochelle's defaulted Synchrony Bank account, through litigation.

33.   Crown Asset Mgmt. provided an affidavit to Faber and Brand to use as exhibits to their debt collection lawsuits against Arkansas consumers.

34.   These affidavits were signed by Christi Mackiewicz, the Legal Document Specialist for Crown Asset Mgmt.

35.   In these affidavits, Mackiewicz attested to the date Crown Asset Mgmt. assigned the account to Faber and Brand on a certain date.

36.   Faber and Brand's pattern and practice in collecting these defaulted Synchrony Bank accounts was to file debt collection complaints in District and Circuit Courts in Arkansas with Crown Asset Mgmt. as the named plaintiff and allege four causes of action: breach of contract, suit on account, quantum meruit, and account stated.

37.   Under each section of the debt collection complaints setting forth these four causes of action, Faber and Brand averred that "That said amount became due on or about" the date Crown Asset Mgmt. assigned the account to Faber and Brand for collection.

38.   In truth, these amounts became due on the date Synchrony Bank charged off the accounts (i.e., the date Synchrony Bank could no longer charge the consumers' interest on the accounts under federal law).

39.   And, the statute of limitations to sue Arkansas consumers to collect the defaulted obligations began to run when the consumers defaulted on their obligation to pay Synchrony Bank.

40.    The averments Faber and Brand authored and made in these debt collection complaints that the amounts it sought to collect came due on the date Crown Asset Mgmt. placed the accounts for collection with Faber and Brand were literally false, deceptive, and misleading.

41.    Literally false statements – like the averments made by Faber and Brand - used by debt collectors to collect debt violate the FDCPA as a matter of law. *See e.g. Avila v. Rubin*, 84 F.3d 226-227 (7th Cir. 1996).

42.    The Federal Trade Commission (the FTC) has determined that, "Most consumers do not know their legal rights with respect to the collection of old debts past the statute of limitations."[4]

43.    Causes of action like suit on account, quantum meruit, and account stated, have shorter statute of limitations (three years under Ark. Code Ann. § 16-56-105(1), (2), and (3)) than causes of action for breach of a written contract (five years under Ark. Code Ann. § 16-56-111).

44.    From the prospective of the unsophisticated consumer, this averment would mislead and deceive the consumer to believe that the statute of limitations to sue on the debt did not begin to run until Crown Asset Mgmt. hired Faber and Brand to collect the debt. *See e.g. Duffy v. Landberg*, 215 F.3d 871, 874-875 (8th Cir. 2000) (holding debt collection letter violated the FDCPA when it threatened to collect attorney fees if the parties went to court when attorney fees were not recoverable under Minnesota statute).

---

[4] *See* Federal Trade Commission Press Release dated January 30, 2012 found at: https://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged, last checked August 4, 2019.

45. Thus, the averments Faber and Brand authored in these debt collection complaints that the amounts it sought to collect came due on the date Crown Asset Mgmt. placed the accounts for collection with Faber and Brand were not only literally false, deceptive, and misleading – the averments were material as well.

46. On October 18, 2018, Faber and Brand filed a civil action against Rochelle in the Circuit Court of Jefferson County, Arkansas, for Crown Asset Mgmt. to collect $6,525.31, the alleged balance due, under breach of contract, suit on account, quantum meruit, and account stated causes of action.

47. Faber and Brand made the following averment four times within the debt collection complaint it authored and filed: "That said amount became due on or about March 19, 2018."[5]

48. Mackiewicz's Affidavit with respect to Rochelle's Synchrony Bank account confirmed that March 19, 2018, was actually the date Crown Asset Mgmt. placed the account with Faber and Brand for collection.[6]

49. Defaulted debts become due much earlier than when a collection agency and debt buyer like Crown Asset Mgmt. retains debt collection firms to collect any type of account or obligation.

50. This averment was literally false, deceptive, misleading, and material because Rochelle had defaulted on his Synchrony Bank account in July 2015, the balance Rochelle purportedly owed to Crown Asset Mgmt. for the defaulted

---

[5] Exhibit 1, Count I - ¶ 13, Count II - ¶ 9, Count III - ¶ 10, and Count IV - ¶ 10, ("That said amount became due on or about March 19, 2018.") and attached Business Records Affidavit ("The above referenced account was assigned to Faber and Brand LLC on 03/19/2018 for the purpose of collections.").
[6] *Id.*

Synchrony Bank account became due on January 17, 2016, and Crown Asset Mgmt. placed Rochelle's account for collection with Faber and Brand on March 19, 2018.

51.    Thus, the three-years statute of limitations for Faber and Brand to sue Rochelle for suit on account, quantum meruit, and account stated had already by October 18, 2018 – the date Faber and Brand filed the lawsuit against Rochelle.

52.    Rochelle retained and paid counsel to represent him in the debt collection litigation.

53.    Rochelle answered and moved to dismiss the debt collection complaint because the written instrument governing his Synchrony Bank account was not attached as an exhibit to the debt collection complaint Faber and Brand filed as required by Ark. R. Civ. P. 10(d).

54.    The Circuit Court of Jefferson County, Arkansas, held a hearing on Rochelle's motion to dismiss and granted Rochelle's motion to dismiss.

### *Class Action Allegations*

55.    Rochelle brings this claim on behalf of a class.

56.    Rochelle's proposed class is defined under Fed. R. Civ. P. 23(b)(3) as all individuals named a defendant in a complaint filed in an Arkansas court in which the complaint:

(a)    identified Crown Asset Mgmt. as the plaintiff;

(b)    identified Faber and Brand as law firm for Crown Asset Mgmt.;

(c)    sought to collect a debt for a Synchrony Bank account;

(d)    averred that "said amount became due on or about" a certain date;

(e)     that certain date was also contained in the affidavit attached as an exhibit as the date "[t]he above referenced account was assigned to Faber and Brand … for the purpose of collections[;]" and

(f)     was filed within one year prior to the filing of this civil action.

57.     The class is so numerous that joinder of all members is not practicable.

58.     The class has been affected by the same conduct. The common questions of law and fact that predominate over any questions affecting only individual members of the class include:

(a)     whether Faber and Brand engaged in a practice of representing that the date the defaulted Synchrony Bank became due was the date Crown Asst Mgmt. placed the accounts with Faber and Brand for collection;

(b)     whether Faber and Brand's averments in debt collection complaints that the date the defaulted Synchrony Bank accounts became due was the date Crown Asset Mgmt. placed the account with Faber and Brand for collection are false;

(c)     whether Faber and Brand's conduct violates each of the following provisions of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f, and the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(10), and 17-24-507(a).

59.     Rochelle's claims are typical of the claims of the class members as all are based on the same factual and legal claims. Rochelle and the class members were uniformly subjected to the same conduct.

60.     Rochelle will fairly and adequately represent the class members' interests and has retained counsel qualified to pursue this litigation. Rochelle's

attorneys are experienced in prosecuting claims for consumers under the FDCPA
and the AFDCPA and handling FDCPA and AFDCPA class actions.

61.   Rochelle is committed to vigorously pursuing his claims.

62.   A class action is superior for the fair and efficient adjudication of the
class members' claims as Congress and the Arkansas Legislature specifically
envisioned class actions as the principal means of enforcing the FDCPA and the
AFDCPA, respectively. 15 U.S.C. § 1692k and Ark. Code Ann. § 17-24-512. The
class members are generally unsophisticated consumers whose rights will not be
vindicated absent a class action. Prosecution of separate actions by class members
would also create the risk of inconsistent or varying adjudications resulting in the
establishment of inconsistent or varying standards and would not be in the best
interest of judicial economy.

63.   A class action regarding the issues in this case does not create any
problems of manageability.

### Count I – Violations of the FDCPA

64.   Rochelle incorporates by reference all of the above paragraphs of this
complaint, as though fully stated herein.

65.   The representation that the date the Synchrony Bank accounts became
due was the date Crown Asset Mgmt. placed the debts with Faber and Brand for
collection is false and violates the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10),
1692f.

66.   Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following
conduct is a violation of this section...

(2) The false representation of-

    (A) the character, amount, or legal status of any debt…[or]

    (10) The use of a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…

67.    Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect any debt.

68.    As a result of Defendants' violations of the FDCPA, Rochelle, individually, is entitled to statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A) and his actual damages under 15 U.S.C. § 1692k(a)(2)(A).

69.    As a result of Rochelle's violations of the FDCPA, the class members are entitled to statutory damages in an amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of Faber and Brand under 15 U.S.C. § 1692k(a)(2)(A).

70.    As a result of Faber and Brand's violations of the FDCPA, the class members are entitled to actual damages under 15 U.S.C. § 1692k(a)(2)(A).

71.    As a result of Faber and Brand's violations of the FDCPA, Rochelle and the class members are entitled to an award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from Faber and Brand.

## Count II – Violations of the AFDPCA

72.    Rochelle incorporates by reference all of the above paragraphs of this complaint, as though fully stated herein.

73.   The representation that the date the Synchrony Bank accounts became due was the date Crown Asset Mgmt. placed the debts with Faber and Brand for collection is false, in violation of the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(10), and 17-24-507(a).

74.   Section 17-24-506 provides:

(a) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

(b) Without limiting the general application of subsection (a) of this section, the following conduct is a violation of this section...

    (2) The false representation of:

        (A) the character, amount, or legal status of a debt...[or]

    (10)  The use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer...

75.   Section 17-24-507(a) provides:

(a) A debt collector my not use unfair or unconscionable means to collect or attempt to collect a debt.

76.   As a result of Faber and Brand's violations of the AFDCPA, Rochelle, individually, is entitled to statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A), and his actual damages under Ark. Code Ann. § 17-24-512(a)(1).

77.   As a result of Faber and Brand's violations of the AFDCPA, the class members are entitled to statutory damages in an amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of Faber and Brand under Ark. Code Ann. § 17-25-512(a)(2)(B).

78.   As a result of Faber and Brand violations of the AFDCPA, the class members are entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1).

79.     As a result of Defendants' violations of the AFDCPA, Rochelle and the

class members are entitled to an award of attorney's fees and costs under Ark.

Code Ann. § 17-24-512(a)(A) from Faber and Brand.

### Jury Demand

80.     Rochelle demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ.

P. 38.

### Prayer for Relief

Rochelle prays that judgment be entered against Faber and Brand for

statutory damages, actual damages, costs of litigation and attorney's fees, and for

other such relief as may be proper and just.

By: _____

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

In the United States District Court
Eastern District of Arkansas
Pine Bluff Division

Jerry Rochelle, on behalf of himself
and all others similarly situated                                      Plaintiff

v.                              Case No. _____

Faber and Brand L.L.C.                                                Defendant

## Complaint – Class Action

### Exhibit 1

**Complaint filed in *Crown Asset Management, LLC v. Jerry Rochelle,* Case No.
35CV-18-1061, In the Circuit Court of Jefferson County, Arkansas**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
5ᵗʰ

CROWN ASSET MANAGEMENT, LLC
            Plaintiff,
     -vs-                                    Case No. 35CV-18-1061

JERRY ROCHELLE
            Defendant.

INSTRUCTIONS FOR SERVICE:  Serve at residence- 9415 MIDDLE WARREN RD   PINE BLUFF, AR 71603-9243

### COMPLAINT FOR MONEY DUE FOR BREACH OF REVOLVING CREDIT CHARGE AGREEMENT

#### Count I—Breach of Contract

COMES NOW the Plaintiff and for its cause of action against the Defendant(s) states as follows:

1.  That Plaintiff is a LIMITED LIABILITY COMPANY organized and existing under the laws of GEORGIA; the debt sued upon arose in and Plaintiff's cause of action accrued in the State of Arkansas.

2.  That the Defendant resides in or may be found in JEFFERSON County, Arkansas and within the venue of this court.

3.  Plaintiff is the holder of the Revolving Credit Charge Agreement ("Agreement") sued upon herein by virtue of the sale and assignment of said Agreement from Synchrony Bank to various parties including and ultimately to Plaintiff.

4.  That Defendant was issued a credit account pursuant to the Defendant's Agreement with Synchrony Bank.

5.  That Defendant either made written application to Synchrony Bank for said credit card, or signed various credit charge slips, or both, thereby agreeing in writing to the terms and conditions of said Agreement.

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 2:51 O'CLOCK P M
          10-18-18          DATE
LAFAYETTE WOODS, SR., CLERK
Kattherine White, DC

1

6.  That the Defendant did utilize said credit or allow it to be used in the purchase of goods and services at various locations and thereby agreed to the terms and conditions of said Agreement at the time it was issued to Defendant

7.  That as a result of the use of said credit by Defendant, the Defendant did accrue certain indebtedness on said revolving credit charge account pursuant to the Agreement.

8.  That Synchrony Bank fully performed under the terms of the Agreement.

9.  That in accord with normal business practices, Synchrony Bank mailed itemized monthly billing statements to Defendant.  Defendant did not object to any of the charges made on the monthly statements at issue herein, in writing, for over sixty (60) days.

10. That Defendant accepted the charges shown on the monthly billing statements as demonstrated by Defendant's continued use of the account, payments made on the account, and the absence of any attempt to cancel the agreement between Defendant and Synchrony Bank despite having received the monthly billing statements for several months.

11. That Defendant failed to perform under the terms of the revolving retail credit charge agreement, and is therefore in breach.

12. That as a direct and proximate result of Defendant's breach, Synchrony Bank was damaged in the amount claimed of $6525.31.

13. That said amount became due on or about March 19, 2018.

14. That Plaintiff, the current owner of the Agreement, has made demand upon the Defendant for payment of the same, but the Defendant failed and/or refused to pay.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of:

Amount claimed: $6525.31;

Interest: Interest at the rate of 10.00% per annum from the date of Judgment until paid;

All costs herein expended, including but not limited to court costs, sheriff's fees, and any fees for service of the summons.

### Count II—Suit On Account

COMES NOW the Plaintiff and pleads in the alternative for its cause of action against the Defendant and states as follows:

1. Plaintiff restates and re-alleges each and every paragraph of Count I as if fully set forth herein.

2. That Plaintiff is a LIMITED LIABILITY COMPANY organized and existing under the laws of GEORGIA.

3. That the cause of action herein accrued under the laws of the State of Arkansas; the Defendant resides in or may be found in JEFFERSON County, Arkansas and within the venue of this court.

4. That Defendant is presently indebted on the account and claim herein in the amount claimed of $6525.31 for credit extended by Synchrony Bank and used by the Defendant to purchase goods and/or services, hereinafter referred to as "items."

5. That all sums owed to Synchrony Bank are now due to the Plaintiff by virtue of assignment of said debt from Synchrony Bank to various parties and ultimately to the Plaintiff.

6. That said credit was provided at the instance, request, and/or authorization of said Defendant.

7. That the prices charged for the extension of credit for the Defendant to purchase such items are and were in each case reasonable; that said prices were the amounts specifically agreed upon between

3

Synchrony Bank and Defendant, or in the alternative the usual and customary charges of Synchrony Bank.

8. That Defendant expressly, or in the alternative impliedly, promised and agreed to pay for said credit charges when due.

9. That said amount became due on or about March 19, 2018.

10. That Plaintiff, the current owner of the Agreement, has made demand upon the Defendant for payment of the same, but the Defendant failed and/or refused to pay.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of:

Amount claimed: $6525.31;

Interest: Interest at the rate of 10.00% per annum from the date of Judgment until paid;

All costs herein expended, including but not limited to court costs, sheriff's fees, and any fees for service of the summons.

## Count III—Quantum Meruit

COMES NOW the Plaintiff and pleads in the alternative for its cause of action against the Defendant and states as follows:

1. Plaintiff restates and re-alleges each and every paragraph of Count I and Count II as if fully set forth herein.

2. That Plaintiff is a LIMITED LIABILITY COMPANY organized and existing under the laws of GEORGIA.

4

3. That the Defendant resides in or may be found in JEFFERSON County, Arkansas and within the venue of this court.

4. That Defendant is presently indebted on the account and claim herein in the amount claimed of $6525.31 for credit extended by Synchrony Bank and used by the Defendant to purchase goods and/or services, hereinafter referred to as "items."

5. That the credit issued to Defendant to purchase said items was provided to and for Defendant.

6. That said credit was provided at the instance, request, and/or authorization of said Defendant.

7. That the prices charged for the extension of credit items are and were in each case reasonable; that said prices were the amounts specifically agreed upon between Creditor and Defendant, or in the alternative the usual and customary charges of said Creditor.

8. That Defendant expressly, or in the alternative impliedly, promised and agreed to pay for said extension of credit immediately upon the providing thereof or promptly thereafter.

9. That Creditor has, by virtue of Sale and Assignment, transferred all causes of action against Defendant related to the facts and issues set forth herein to various parties including and ultimately to Plaintiff.

10. That said amount became due on or about March 19, 2018.

11. That Plaintiff, the current owner of the Cause of Action, has made demand upon the Defendant for payment of the same, but the Defendant failed and/or refused to pay.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of:

Amount claimed: $6525.31

5

Interest: Interest at the rate of 10.00% per annum from the date of Judgment until paid;

All costs herein expended, including but not limited to court costs, sheriff's fees and any fees for service of the summons.

<u>Count IV—Account Stated</u>

COMES NOW the Plaintiff on Count IV and pleads in the alternative for its cause of action against the Defendant and states as follows:

1.  Plaintiff restates and re-alleges each and every paragraph of Count I, Count II, and Count III as if fully set forth herein.

2.  That Plaintiff is a LIMITED LIABILITY COMPANY organized and existing under the laws of GEORGIA.

3.  That the Defendant resides in or may be found in JEFFERSON County, Arkansas and within the venue of this court.

4.  That Defendant had previous financial transactions related to the Agreement issued to Defendant by and at Defendant insistence and/or request.

5.  That pursuant to said transactions, Synchrony Bank provided Defendant with statements of account to which Defendant did not object.

6.  That pursuant to the terms and conditions provided to Defendant in the Agreement that governed its use, Defendant made an unconditional promise to pay the amounts due resulting from use of said account.

7.  That the balance agreed to by the parties is $6525.31.

6

8.  That Synchrony Bank has, by virtue of Sale and Assignment, transferred all causes of action against Defendant related to the facts and issues set forth herein to various parties including and ultimately to Plaintiff.

9.  That Plaintiff, the current owner of the Cause of Action, has made demand upon the Defendant for payment of the same, but Defendant failed and/or refused to keep the promise to pay said balance.

10. That said amount became due on or about March 19, 2018.

11. That Plaintiff, the current owner of the Cause of Action, has made demand upon the Defendant(s) for payment of the same, but the Defendant(s) failed and/or refused to pay.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of:

Amount claimed: S6525.31

Interest: Interest at the rate of 10.00% per annum from the date of Judgment until paid;

All costs herein expended, including but not limited to court costs, sheriff's fees and any fees for service of the summons.

Respectfully Submitted,

FABER AND BRAND L.L.C.


BY:

Bart S. Brand        AR #2005097
Joy N. Jackson       AR #2007278
Michael L. Foster    AR #2010232
James J. Eufinger    AR #2013025
P.O. Box 10110
Columbia, Missouri 65205-4000
(888) 233-3141
(573) 442-1072 FAX
ATTORNEY FOR PLAINTIFF


**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR
IN AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.**

F&B Acct. No:  290971

290971

## BUSINESS RECORDS AFFIDAVIT

| | | | |
|---|---|---|---|
| COUNTY OF GWINNETT | } | Account Debtor: | JERRY ROCHELLE |
| | } SS | Account #: | ~~████████~~8952 |
| STATE OF GEORGIA | } | Principal Balance: | $6525.31 |

CROWN ASSET MANAGMENT, LLC

VS.

JERRY ROCHELLE

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, Christi Mackiewicz, who, after first being duly sworn, deposes and states that she is a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on the plaintiff's behalf.

I am the Legal Document Specialist for CROWN ASSET MANAGEMENT, a Georgia Limited Liability Company, with offices is located at 3100 Breckenridge Blvd Suite 725, Duluth GA 30096-7605 ("Crown").

CROWN ASSET MANAGMENT, LLC is the current owner and assignee of the above-referenced account that originated with Synchrony Bank.

The above referenced account was assigned to Faber and Brand LLC on 03/19/2018 for the purpose of collections.

Based upon information currently available, the balance amount stated above is true and accurate and has not been paid by the account debtor as of the time of forwarding this account.

Based upon my review of business records kept on behalf of Plaintiff, Defendant opened an account on or about 06/05/2007, and the account was charged off on 01/17/2016.

There has been no final judgment entered by a court of competent jurisdiction disallowing any or all of the account balance.

Based upon information currently available, the account debtor is not protected under a Bankruptcy filing.

Based upon information currently available, the account debtor has not been released from liability on the debt.

Based upon information currently available, the account has not been the subject of fraud.

Based upon information currently available, the account debtor is not deceased.

Based upon information currently available, there is no dispute, claim, action, suit, or proceeding pending or threatened with respect to the account.

FURTHER AFFIANT SAYETH NOT.

Christi Mackiewicz
Legal Document Specialist
CROWN ASSET MANAGEMENT, LLC

Sworn to and subscribed before me this
22 day of _March_____, 2018

NOTARY PUBLIC
My Commission expires: _March 26 2019_

747P000412701

**CARECREDIT/SYNCHRONY BANK**

Cardholder Name:  JERRY L ROCHELLE
Account Number:  ▓▓▓▓▓▓▓▓▓▓▓▓
Statement Closing Date:  06/17/2015

| Summary of Account Activity | |
| --- | --- |
| Previous Balance | $4,432.70 |
| +   New Purchases | $50.00 |
| -   Payments | $150.00 |
| +/-  Credits, Fees & Adjustments (net) | 50.00 |
| +/-  Interest Charge (net) | $68.76 |
| New Balance | $4,351.46 |
| Credit Limit | $6,000.00 |
| Available Credit | $1,648.00 |
| Days in Billing Period | 30 |

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your
card lost or stolen, call 1-866-893-7864.

Best times to call are Wednesday - Friday.

| Payment Information | |
| --- | --- |
| New Balance | $4,351.46 |
| Total Minimum Payment Due | $142.00 |
| Payment Due Date | 07/10/2015 |

PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.
We may convert your payment into an electronic debit.  See
reverse side.

**Late Payment Warning:** If we do not receive your Total
Minimum Payment Due by the Payment Due Date listed above,
you may have to pay a late fee up to $38.00.

**Minimum Payment Warning:** Making only the Total Minimum
Payment Due will increase the amount of interest you pay and
the time it takes to repay your balance.  For example:

| If you make no additional charges using this card and each month you pay ... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
| --- | --- | --- |
| Only the minimum payment | 19 years | $13,816.00 |
| $187.00 | 3 years | $6,723.00 (Savings = $7,093.00) |

If you would like information about credit counseling services,
call 1-877-302-8797.

| Promotional Expiration Notification |
| --- |
| YOU MUST PAY EACH PROMOTIONAL BALANCE IN FULL BY ITS EXPIRATION DATE TO AVOID PAYING DEFERRED INTEREST CHARGES.  PLEASE SEE THE PROMOTIONAL PURCHASE SUMMARY SECTION ON THIS STATEMENT FOR FURTHER DETAILS.  YOU HAVE A PROMOTION(S) EXPIRING ON 07/18/16. |

* NOTICE:  See reverse side and additional pages (if any) for important information concerning your account.

5202        DFH        1      7   15   150617        PAGE 1 of 3        9072  C30C  XA08  01CC5352

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

| Total Minimum Payment Due | Payment Due Date | New Balance | Account Number |
| --- | --- | --- | --- |
| $142.00 | 07/10/2015 | $4,351.46 | ▓▓▓▓▓▓▓▓▓▓▓▓ |

Payment Enclosed :  $ ☐ ☐ ☐ ☐ ☐ , ☐ ☐

☐  **New address or e-mail?**
Check the box at left and
print changes on back

*If you only pay the Total Minimum Due it may not pay off the Promotional Purchase by the Expiration Date.*

JERRY L ROCHELLE

Make Payment to:  SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

Cardholder Name:   JERRY L ROCHELLE

Account Number: 6019 1803 9351 8952
Statement Closing Date: 06/17/2015

## Promotional Purchase Summary

| Promotional Expiration Date | Promotional Balance | Deferred Interest Charge | Tran Date | Description | Initial Purchase Amount |
|---|---|---|---|---|---|
| 07/18/2016 | $1,220.00 | $223.55 | 12/30/2014 | Deferred Interest/No Interest If Paid In Full | $1,971.00 |

A summary of your promotional purchase is provided above.
If you have a DEFERRED INTEREST/NO INTEREST IF PAID IN FULL promotion: To avoid paying Deferred Interest Charges on these promotion(s), you must pay the entire applicable Promotional Balance by the Promotional Expiration Date. On a Fixed Payment (Extended Payment Plan) promotional purchase, the Interest Charge is billed monthly and included as part of the Minimum Payment due.

To make more than one payment see Make Payment To address or pay online at mysynchrony.com.

## Transaction Summary

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 06/10/2015 | 06/10/2015 | 853451251019TLT4A | PAYMENT - THANK YOU | $150.00 CR |
| | | | FEES | |
| | | | TOTAL FEES FOR THIS PERIOD | $0.00 |
| | | | INTEREST CHARGED | |
| 06/17/2015 | 06/17/2015 | | INTEREST CHARGE ON PURCHASES | $68.76 |
| | | | TOTAL INTEREST FOR THIS PERIOD | $68.76 |

| 2015 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2015 | $0.00 |
| Total Interest Charged in 2015 | $395.18 |
| Total Interest Paid in 2015 | $119.00 |

## Interest Charge Calculation

| Type of Balance | Expiration Date | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | NA | 26.99%(v) | $3,099.48 | $68.76 |
| Deferred Interest/No Interest If Paid In Full | 07/18/2016 | 26.99%(v) | $1,532.57 | $0.00 |

(v) = Variable rate

## New Promotional Financing Plans

This notice is to let you know about some promotional financing plans that may be available for you when you use your card for future purchases.  This is only a summary of key terms.  At times, we may offer you other promotional financing plans for certain purchases.  Details of available promotions will be provided to you at the time of your transactions.  Not all plans or all plan periods will be available at every retailer.  For purposes of this notification, your    Purchase Annual Percentage Rate ("APR") is 26.99%.  See the Interest Charge Calculation section of this billing statement to determine if this APR is variable.  If a (v) is shown next to your APR, this APR will vary with the market based on the prime rate.  Subject to credit approval.  Regular account terms apply to non-promotional purchases and, after promotion ends, to promotional purchase.

No Interest If Paid Within Promotional Period
(These can be advertised as Deferred Interest promotions)
Under this promotion, no Interest Charges will be assessed if the promotional purchase balance is paid in full within the promotional period. If the promotional purchase balance is not paid in full by the end of the promotional period, interest will be imposed from the date of purchase at the    Purchase APR stated above. Minimum or fixed monthly payments are required. This promotion may be offered for periods of   6, 12, 18 or 24 months.

Please keep this for your records.If you have any questions, please call us at the Customer Service number shown on your statement.

## Cardholder News & Information

In order to protect your account  privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

CARECREDIT/SYNCHRONY BANK

Cardholder Name:  JERRY L ROCHELLE
Account Number: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Statement Closing Date:  01/17/2016

| Summary of Account Activity | |
|---|---|
| Previous Balance | $6,538.31 |
| +   New Purchases | $0.00 |
| -   Payments | $0.00 |
| +/-  Credits, Fees & Adjustments (net) | $6,538.31- |
| +/-  Interest Charge (net) | $0.00 |
| **New Balance** | **$0.00** |
| Credit Limit | $6,000.00 |
| Available Credit | $0.00 |
| Days in Billing Period | 30 |

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your
card lost or stolen, call 1-866-893-7864.

Best times to call are Wednesday - Friday.

| Payment Information | |
|---|---|
| New Balance | $0.00 |
| Total Minimum Payment Due | $1,576.00 |
| Payment Due Date | 01/18/2016 |

**PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.**
We may convert your payment into an electronic debit.  See
reverse side.

**Late Payment Warning:** If we do not receive your Total
Minimum Payment by the Payment Due Date listed above,
you may have to pay a late fee up to $37.00.

## Promotional Expiration Notification

YOU MUST PAY EACH PROMOTIONAL BALANCE IN FULL BY ITS EXPIRATION DATE TO AVOID PAYING DEFERRED
INTEREST CHARGES.  PLEASE SEE THE PROMOTIONAL PURCHASE SUMMARY SECTION ON THIS STATEMENT
FOR FURTHER DETAILS. YOU HAVE A PROMOTION(S) EXPIRING ON 07/18/16.

## Promotional Purchase Summary

| Promotional Expiration Date | Promotional Balance | Deferred Interest Charge | Tran Date | Description | Initial Purchase Amount |
|---|---|---|---|---|---|
| 01/18/2016 | $1,500.00 | $0.00 | 06/30/2015 | Deferred Interest/No Interest If Paid In Full | $1,500.00 |
| 07/18/2016 | $1,220.00 | $0.00 | 12/30/2014 | Deferred Interest/No Interest If Paid In Full | $1,971.00 |

A summary of your promotional purchase is provided above.
If you have a DEFERRED INTEREST/NO INTEREST IF PAID IN FULL promotion: To avoid paying Deferred Interest Charges
on these promotion(s), you must pay the entire applicable Promotional Balance by the Promotional Expiration Date.  On a
Fixed Payment (Extended Payment Plan) promotional purchase, the Interest Charge is billed monthly and included as part of
the Minimum Payment due.

To make more than one payment see Make Payment To address or pay online at mysynchrony.com.

## Transaction Summary

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 01/17/2016 | 01/17/2016 | F907200D100999990 | CHARGE OFF ACCOUNT-PRINCIPALS | $4,716.36 CR |
| 01/17/2016 | 01/17/2016 | F907200D100999990 | CHARGE OFF ACCOUNT "FINANCE CHARGES" | $1,858.95 CR |
| | | | FEES | |
| 01/10/2016 | 01/10/2016 | | LATE FEE | $37.00 |
| | | | TOTAL FEES FOR THIS PERIOD | $37.00 |
| | | | INTEREST CHARGED | |
| 01/17/2016 | 01/17/2016 | | INTEREST CHARGE ON PURCHASES | $0.00 |
| | | | TOTAL INTEREST FOR THIS PERIOD | $0.00 |

| 2016 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2016 | $37.00 |
| Total Interest Charged in 2016 | $0.00 |
| Total Interest Paid in 2016 | $0.00 |

* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

5302      DTH      1    3  16  162117      2 X PAGE 1 of 3      9072  0300  XA06  01CF5302

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

| Total Minimum Payment Due | Past Due Amount | Payment Due Date | New Balance | Account Number |
|---|---|---|---|---|
| $1,576.00 | $0.00 | 01/18/2016 | $0.00 | ▓▓▓▓▓▓▓▓▓▓▓▓ |

**Payment Enclosed :** $ ▢▢▢▢▢.▢▢

☐ New address or e-mail?
Check the box at left and
print changes on back

Payment due includes $ 0.00 past due. Please pay the past due amount PROMPTLY.
NOTE:  You have a Promotional Purchase Expiring. See Promotional Purchase Summary For Details.

JERRY L ROCHELLE
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Make Payment to: SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

Cardholder Name:   JERRY L ROCHELLE

Account Number: 6019 1803 9351 8952
Statement Closing Date: 01/17/2016

**Interest Charge Calculation**

| Type of Balance | Expiration Date | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | NA | 26.99%(v) | $0.00 | $0.00 |
| Deferred Interest/No Interest If Paid In Full | 01/18/2016 | 26.99%(v) | $0.00 | $0.00 |
| Deferred Interest/No Interest If Paid In Full | 07/18/2016 | 26.99%(v) | $0.00 | $0.00 |
| (v) = Variable rate | | | | |

**Cardholder News & Information**

Statement not provided to customer.

In order to protect your account  privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.



**synchrony**
**BANK**

### BILL of SALE

#### Crown Asset (CBRS)– PSCC CAD Bulk – December 2016

    For value received and in further consideration of the mutual covenants and conditions set forth in the Accounts Purchase Agreement (the "Agreement"), dated as December 9, 2016, by and between Synchrony Bank formerly known as GE Capital Retail Bank, RFS Holding Inc. and Retail Finance Credit Services, LLC., ( "Seller") and Crown Asset Management, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Accounts as set forth in the Notification File (as defined in the Agreement), delivered by Seller to Buyer on December 17, 2016 and as further described in the Agreement.


Synchrony Bank

By: _____

Name:  Lynne Fisher

Title: Attorney In Fact Lynne Fisher